48 F.3d 1233
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Christopher WILLIS, Individually and as Personal
Representative of the Estate of Christopher
Willis, Jr., Plaintiffs-Appellants,
v.
Michael BEASON, M.D., Defendant-Appellee.
 No. 94-6256.
(D.C. No. CIV-93-1161-C)
 United States Court of Appeals, Tenth Circuit.
 March 2, 1995.
 
 Before SEYMOUR, Chief Judge, and McKAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Willis, both in his own capacity and as representative of the estate of his deceased son, Christopher Willis, Jr., brought this 1983 action against Dr. Michael Beason, a physician with the Oklahoma Department of Corrections. It is undisputed that Christopher Willis, an Oklahoma inmate who suffered from chronic and severe asthma, died of an asthma attack while in prison and while under the treatment of Dr. Beason. Mr. Willis's complaint alleged that the medical care received by his son during the fatal attack was so deficient as to constitute a violation of the Eighth Amendment. Dr. Beason moved for summary judgment. The district court found that Mr. Willis had failed to adduce evidence establishing the existence of "deliberate indifference" within the meaning of Estelle v. Gamble, 429 U.S. 97, 104 (1976), and therefore granted Dr. Beason's motion. Mr. Willis appeals.
 
 
 3
 We affirm for substantially the reasons given by the district court. It is well-settled that a prisoner may not use the Eighth Amendment to bring what is, in essence, a medical malpractice claim. To survive summary judgment on an Eighth Amendment claim, a plaintiff must establish that a defendant acted with "deliberate indifference," which is a "higher degree of fault than negligence, or even gross negligence." Berry v. City of Muskogee, 900 F.2d 1489, 1495 (10th Cir.1990). We have defined deliberate indifference to be "conduct [that] disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights." Id. at 1496; see also Benson v. Cady, 761 F.2d 335, 338-42 (7th Cir.1985). The record plainly demonstrates that Dr. Beason did not disregard Christopher Willis's medical condition. Plaintiff's allegations about the treatment ordered by Dr. Beason may raise issues of negligence; however, claims of negligent malpractice do not suffice to state an Eighth Amendment claim. Estelle, 429 U.S. at 106.
 
 
 4
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470